UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

LAURA TANGREDI, Individually
and as Mother and Next Friend of
MATTHEW MICHAEL TANGREDI,
a Minor,
and JOHN TANGREDI,

                Plaintiffs,

       v.

ELI LILLY AND COMPANY,
Lilly Corporate Center
Indianapolis, IN 46285,

and

BRISTOL-MYERS SQUIBB COMPANY,
P.O. Box 4500
Princeton, NJ 08543,

and

PHARMACIA AND UPJOHN COMPANY,
100 Route 206 North
Peapack, NJ 07977,

and

DART INDUSTRIES, INC.,
14901 South Orange Blossom Trail
Orlando, FL 32837,

and

PREMO PHARMACEUTICAL
LABORATORIES, INC.,
820 Bear Tavern Road
West Trenton, NJ 08628,

and

WYETH PHARMACEUTICAL, INC.,
5 Giraldi Farms
Madison, NJ 07940,

                Defendants.

CIVIL ACTION No.

## NOTICE OF REMOVAL

Pursuant to 28 U.S.C. §1446, defendant Eli Lilly and Company ("Lilly") files this Notice of Removal and states:

1.      On December 21, 2005, Plaintiffs commenced an action against Lilly, Bristol-Myers Squibb, Pharmacia and Upjohn, Dart Industries, Premo Pharmaceutical Laboratories, and Wyeth Pharmaceutical in the Superior Court for the District of Columbia, Civil Division, as Civil Action No. 05-0009699 (the "Superior Court action"), by filing a Complaint for Damages. The United States District Court for the District of Columbia is the district embracing the place where this action is pending. True copies of all process, pleadings, and orders served on Lilly as of the morning of January 23, 2006, as well as Lilly's Answer in Superior Court, are attached hereto as Exhibit A and specifically incorporated herein.

2.      Lilly received service of process on December 28, 2005. Upon information and belief, Defendant Bristol-Myers Squibb received service of process on December 27, 2005. Upon information and belief, Defendant Pharmacia and Upjohn received service of process on December 27, 2005. Upon information and belief, Defendant Dart received service of process on December 28, 2005. Upon information and belief, Defendant Premo received service of process on December 27, 2005. Upon information and belief, Defendant Wyeth received service of process on January 3, 2006.

3.      This Notice of Removal is filed within thirty (30) days of the first date in which any defendant was served with a summons and copy of the Complaint. Consequently, this notice is timely under 28 U.S.C. §1446(b).

4.      Based on the information contained in the Complaint, Plaintiffs were at the time of the commencement of this action, and are at the time of filing this Notice of Removal, residents of the state of California.

5.      Lilly was at the time of the commencement of this action and is now at the time of filing this Notice of Removal an Indiana corporation with its principal place of business in the State of Indiana.

6.      Upon information and belief, Defendant Bristol-Myers Squibb was at the time of the commencement of this action and is now at the time of filing this Notice of Removal a Delaware corporation with its principal place of business in the State of New York.

7.      Upon information and belief, Defendant Pharmacia and Upjohn was at the time of the commencement of this action and is now at the time of filing this Notice of Removal a Delaware corporation with its principal place of business in the State of Michigan.

8.      Upon information and belief, Defendant Dart was at the time of the commencement of this action and is now at the time of filing this Notice of Removal a Delaware corporation with its principal place of business in the State of Florida.

9.      Upon information and belief, Defendant Premo was at the time of the commencement of this action and is now at the time of filing this Notice of Removal a New Jersey corporation with its principal place of business in the State of Connecticut.

10.     Upon information and belief, Defendant Wyeth was at the time of the commencement of this action and is now at the time of filing this Notice of Removal a Delaware corporation with its principal place of business in New Jersey.

11.     Each Plaintiff claims damages in excess of $75,000.  Accordingly, the amount in controversy in the state action exceeds the sum or value of $75,000, exclusive of interest and costs.

12.     This Court has original jurisdiction over this civil action pursuant to 28 U.S.C. § 1332, and the action is one that may be removed to this Court pursuant to the provisions of 28

U.S.C. § 1441(b) because it is a civil action between citizens of different states in which the amount in controversy exceeds the sum of $75,000, exclusive of interest and costs.

13.    Removal of this case on the basis of diversity of citizenship is not precluded by the provisions of 28 U.S.C. § 1441(b) because no Defendant is a citizen of the District of Columbia.

14.    All defendants consent to the removal of this action.  Copies of removal consent forms for defendants Bristol-Myers Squibb, Pharmacia and Upjohn, Dart, Premo, and Wyeth are attached as Exhibit B.

Respectfully submitted,

ELI LILLY AND COMPANY

Lawrence H. Martin, D.C. Bar # 476639
Foley Hoag LLP
1875 K Street, NW, Suite 800
Washington, D.C. 20006-1238
(202) 223-1200

and

James J. Dillon, D.C. Bar # 485593
Foley Hoag LLP
155 Seaport Boulevard
World Trade Center West
Boston, MA 02210-2600
(617) 832-1000

Dated: Jan 26, 2006

## CERTIFICATE OF SERVICE

I certify that on January _26_ , 2006, a true copy of the foregoing Notice of Removal was served by U.S. First Class Mail, postage prepaid, upon:

Aaron M. Levine, Esq.
Aaron M. Levine & Associates, P.A.
1320 Nineteenth Street, N.W.
Suite 500
Washington, DC 20036
**Attorneys for Plaintiffs**

Sidney G. Leech, Esq.
Goodell, DeVries, Leech & Dann, LLP
One South Street
20th Floor
Baltimore, MD 21202
**Attorneys for Bristol-Myers Squibb
Company**

Elizabeth Ewert, Esq.
Drinker Biddle & Reath
1500 K Street, N.W., Suite 1100
Washington, DC 20005-1209
**Attorneys for Pharmacia and Upjohn
Company**

Christopher Garvey, Esq.
Goodwin Proctor LLP
599 Lexington Avenue
New York, New York 10022
**Attorneys for Premo Pharmaceutical
Laboratories Inc.**

Ashley W. Hardin, Esq.
Williams & Connolly LLP
725 Twelfth Street, NW
Washington, DC  20005
**Attorneys for Wyeth Pharmaceutical, Inc.**

John Anderson, Esq.
Troutman Sanders LLP
1660 International Drive
Suite 600, Tysons Center
McLean, VA 22102
**Attorneys for Dart Industries, Inc.**

_____
Betty Marroquin

# EXHIBIT A

## SUPERIOR COURT FOR THE DISTRICT OF COLUMBIA
### Civil Division

**LAURA TANGREDI, Individually**
**and as Mother & next friend of**
**MATTHEW MICHAEL TANGREDI,**
**a minor**
**and JOHN TANGREDI**
18652 Fairwood Lane
Santa Ana, CA 92705

            **Plaintiffs,**

    **v.**

**ELI LILLY AND COMPANY**
Lilly Corporate Center, Indianapolis, IN 46285
w/s/o NATIONAL REGISTERED AGENTS, INC.
1090 Vermont Avenue, NW, #910
Washington, DC 20005

    **and**
**BRISTOL-MYERS SQUIBB COMPANY**
a successor of E.R. SQUIBB & SONS, INC.
P.O. Box 4500
Princeton, NJ 08543
    w/s/o CT CORPORATION
    1025 Vermont Avenue, N.W.
    Washington, DC 20005

    **and**
**PHARMACIA and UPJOHN COMPANY**
**(aka THE UPJOHN COMPANY)**
100 Route 206 North
Peapack, NJ 07977
    w/s/o CT CORPORATION
    1025 Vermont Avenue, N.W.
    Washington, DC 20005

    **and**
**DART INDUSTRIES, INC.**
a successor to
**REXALL DRUG COMPANY, INC.**
14901 South Orange Blossom Trail

]
]
]
]
]
]
]
]
]
]
]
]
]
]
]
]
]
]
]
]
]
]
]
]
]
]
]
]
]
]
]
]
]
]
]
]

**CIVIL ACTION NO.**



**FILED**
**CIVIL ACTIONS BRANCH**
**DEC 2 1 2005**
Superior Court
of the District of Columbia
Washington, D.C.

05-0009699



C:\AARON\2005\Steve\Tangredi Laura\Tangredi complaint 122005.doc

Orlando, FL 32837                          ]
w/s/o   Sheila Ann Marie Moeller, Esq.     ]
Gilbride, Tusa, Last & Spellane, LLC       ]
31 Brookside Drive                         ]
Greenwich, CT 06836                        ]
                                           ]
                                           ]
    and                ]
                                           ]
PREMO PHARMACEUTICAL                       ]
  LABORATORIES, INC.              ]
w/s/o/ Corporation Trust Co.               ]
820 Bear Tavern Road                       ]
West Trenton, NJ 08628                     ]
                                           ]
    and                ]
                                           ]
WYETH PHARMACEUTICAL, INC.                 ]
5 Giraldi Farms                            ]
Madison, NJ 07940                          ]
                                           ]
            Defendants.   ]

## COMPLAINT
### (DES Litigation - Products Liability, Punitive Damages, Market Share Liability)

1.    Jurisdiction is founded upon 11 D.C. Code §921 (1981 ed.).

2.    Plaintiff Laura Tangredi brings this suit Individually and as the mother, guardian and next friend of Plaintiff Matthew Michael Tangredi, a minor.  Plaintiff John Tangredi suit sounds in loss of consortium.

3.    Defendant, and/or their predecessors, are the manufacturers of Diethylstilbestrol ("DES"), who sold and promoted the drug to Florence MacKenzie, the mother of the Plaintiff Laura Tangredi, in 1968 and 1969 in New York.  The minor Plaintiff Matthew Michael Tangredi, was born prematurely in, and received all medical care, and resides in the State of California.



4.      Defendants, and/or their predecessors, are engaged, or have been engaged, in the manufacturing, marketing, sale, promotion, and distribution of pharmaceuticals throughout the United States, and are doing business in the District of Columbia, and sought and obtained industry wide and governmental approval for Diethylstilbestrol ("DES") within the District of Columbia.

**COUNT I**
**(Negligence - Laura Tangredi v. Eli Lilly and Company et.al.)**

5.      During her pregnancy with Plaintiff Laura Tangredi in 1968-1969, the mother of the Plaintiff Laura Tangredi, Florence MacKenzie, purchased and ingested DES in the state of New York exposing her daughter to same during her formation.  Said drug was prescribed by her treating obstetrician during the pregnancy.  The drug was sold by Defendants, whom acting in concert, manufactured, compounded, labeled, supplied, sold and advertised DES throughout the United States, and the States of New York and California.

6.      As a result of Plaintiff Laura Tangredi 's embryonic exposure to DES, she suffered injuries, including, but not limited to, uterine and cervical malformations, a shortened and incompetent cervix, resulting in the inability to carry a pregnancy to term, infertility, the premature birth of minor Plaintiff Matthew Michael Tangredi, premature birth and demise of Michael Rocco Tangredi, medical expenses for care and treatment, physical and mental pain, and the inability to have the family she desired.

7.      Said injuries were the result of the negligence of Defendants, including, but not limited to, failure to test, failure to warn, over-promotion of DES, and failure to report adverse studies regarding the safety and efficacy of DES.

3

**COUNT II**
**(Strict Liability - Laura Tangredi v. Eli Lilly and Company et.al.)**

8.    All of the allegations contained in paragraphs 1 though 7 are hereby realleged.

9.    DES is, and at all times relevant to this action was, an unreasonably dangerous and defective drug when used by pregnant women for its advertised and intended purpose as a preventative of miscarriage.

10.    Defendants knew, or should have known, that pregnant women and their attending physicians could not realize and could not detect the dangerous and harmful nature of DES. Clear warnings as to the doubtful efficacy of DES and dangers to unborn children should have been disseminated to overcome Defendants' extensive advertising campaigns proclaiming the safety and efficacy of DES.

11.    As a result of Defendants marketing and promotion of said defective and unreasonably dangerous drug, Plaintiff Laura Tangredi was unreasonably exposed to DES as an unborn child and has suffered injury, loss, and damages as aforesaid.

12.    By reason of having marketed and promoted DES in its defective and unreasonably dangerous condition, Defendants are strictly liable to Plaintiff Laura Tangredi for her DES-related injuries, losses, and damages.

**COUNT III**
**(Breach of Warranty - Laura Tangredi v. Eli Lilly and Company et.al.)**

13.    All of the allegations contained in paragraphs 1 through 12 are hereby realleged .

14.    At all times relevant to this action, Defendants marketed and promoted DES accompanied by implied and express warranties and representations to physicians and their patients that the drug was efficacious as a miscarriage preventative, and was safe for pregnant women and their unborn children if used as directed for such purposes.

4

15.  Defendants knew, or should have known, that pregnant women, including the mother of Plaintiff Laura Tangredi and her attending physicians, were relying on Defendants' skills and judgments, and the implied and express warranties and representations.

16.  At all, times relevant to this action, these implied and express warranties and representatives were false, misleading, and unfounded. In fact, DES was a misbranded drug in violation of federal law, and was neither safe nor efficacious as a miscarriage preventative.

17.  As a direct result of the breach of warranties by the Defendants, Plaintiff Laura Tangredi has been injured as aforesaid.

## COUNT IV
### (Misrepresentation - Laura Tangredi v. Eli Lilly and Company et.al.)

18.  All of the allegations contained in paragraphs 1 through 17 are hereby realleged.

19.  Defendants represented to pregnant women, including the mother of Plaintiff and her attending physicians, in promotion campaigns, advertisements, labeling, and literature that DES was safe, effective, and adequately tested, which representations were made and publicized with the purpose and intent of having physicians and their patients rely on them.

20.  The mother of the Plaintiff Laura Tangredi and her attending physicians, did in fact, rely on Defendants representations in its advice about purchase, use, and consumption of DES.

21.  At all, times relevant to this action, these representations were known to Defendants to be false or they were made by Defendants in conscious, reckless and/or unreasonable disregard of facts available to Defendants, indicating a lack of efficacy and a danger to pregnant women and their unborn children.

22.  As a direct result of said false representations by Defendants, Plaintiff Laura Tangredi was injured as aforesaid.

## COUNT V

5

**(Negligence – Matthew Michael Tangredi, a Minor v. Eli Lilly and Company et.al.)**

23.    Plaintiff Laura Tangredi brings this suit as mother, guardian and next friend of Matthew Michael Tangredi, a minor, who was injured as a result of his premature birth, as a result of his mother's, Plaintiff Laura Tangredi's, exposure to DES in utero.

24.    The drug DES is a transplacental teratogen capable of crossing the placenta and entering the blood stream of the developing fetus.  The reproductive tract of the developing female is sensitive to the estrogenic stimulation of DES (a synthetic estrogen promoted, manufactured, sold and distributed by Defendants).  In 1968-1969, Florence MacKenzie, the minor Plaintiff's grandmother, ingested DES, which caused her daughter's developing reproductive tract to become deformed, marred and stunted.  This defect is such that the organs (uterus and cervix) are not capable of holding back, restraining or delaying pregnancy.  The infant, Matthew Michael Tangredi, was born 12 weeks early, at 28 weeks gestation, because of his mother's DES-injured birth uterus / cervix, which he shared for the 28 weeks of his gestation. As a result, Matthew Michael Tangredi was born prior to full maturity of his lungs, brain and body, resulting in permanent and severe injuries, including, but not limited to cerebal palsy (PVL), gross motor delays, neurological disorders and deficits, all of which have caused and continue to cause pain and suffering, medical and surgical expenses, loss of future earnings, therapeutic expenses and loss of enjoyment of life.

25.    Said injuries were the result of the negligence of Defendants, including, but not limited to, failure to test, failure to warn, over-promotion of DES, and failure to report adverse studies regarding the safety and efficacy of DES.

## COUNT VI
**(Strict Liability – Matthew Michael Tangredi, a Minor v. Eli Lilly and Company et.al)**

26.    All of the above allegations are realleged and incorporated herein by reference.

6



27.   Prior to 1968 - 1969, the date the Plaintiff's birth uterus / cervix was injured, numerous reports were received in the medical and scientific literature to the effect that:

   a.   DES, as well as many other chemicals, could cross the placenta;

   b.   DES and other drugs and chemicals that crossed the placenta could effect and injure the developing fetus;

   c.   DES was a "target" drug, i.e., it targeted or effected primarily the estrogen receptor organs of the female reproductive tract, whether the primary or secondary exposed person;

   d.   DES had a potent cellular effect on female reproductive organs;

   e.   DES was not efficacious and of no value in the prevention of miscarriages for which it was promoted by Defendant;

   f.   DES was a teratogen to the reproductive tract of fetal animals such as mice, rats and mink when ingested by their mothers during pregnancy;

   g.   Raised questions about the toxicity of DES to the developing fetal female reproductive organs.

28.   Based on the above reports, it was foreseeable, expected and knowable by Defendants that DES would expose the daughters of the pregnant women who were ingesting the drug to stunt and deform their cervix and uteri and that it was foreseeable, knowable and expected in 1968 - 1969 that DES given to pregnant women could and would stunt and deform their grandchildren's birth uterus, causing prematurely with resulting injury of the grandchildren.

29.   DES is, and at all times relevant to this action was, an unreasonably dangerous and defective drug when used by pregnant women for its advertised and intended purpose as a preventative of miscarriage.

7

821332 VANCES 12/30/2005 1:22:46 PM



30.    Defendants knew, or should have known, that pregnant women and their attending physicians could not realize and could not detect the dangerous and harmful nature of DES. Clear warnings as to the doubtful efficacy of DES and dangers to unborn children should have been disseminated to overcome Defendants' excessive advertising campaigns proclaiming the safety and efficacy of DES.

31.    As a result of Defendants marketing and promotion of said defective and unreasonably dangerous drug, Plaintiff's mother, Laura Tangredi, was unreasonably exposed to DES as an unborn child and the minor Plaintiff has suffered injury, loss and damages as aforesaid.

32.    Due to having marketed and promoted DES in its defective and unreasonably dangerous condition, Defendants are strictly liable to the minor Plaintiff for his DES-caused injuries, losses and damages.

**COUNT VII**
**(Breach of Warranty – Matthew Michael Tangredi, v. Eli Lilly and Company, et.al.)**

33.    All of the above allegations are realleged and incorporated herein by reference.

34.    At all times relevant to this action, Defendants marketed and promoted DES accompanied by implied and express warranties and representations to physicians and their patients that the drug was efficacious as a miscarriage preventative, and was safe for pregnant women and their unborn children if used as directed for such purposes.

35.    Defendants knew, or should have known that pregnant women, including the grandmother of Plaintiff and her attending physicians, were relying on Defendant's skill and judgment, and the implied and express warranties and representations.

8

36.    At all, times relevant to this action, these implied and express warranties and representatives were false, misleading, and unfounded.  In fact, DES was a misbranded drug in violation of federal law, and was neither safe nor efficacious as a miscarriage preventative.

37.    As a direct result of the breach of warranties by the Defendants, minor Plaintiff has been injured as aforesaid.

**COUNT VIII**
**(Misrepresentation – Matthew Michael Tangredi v. Eli Lilly and Company et.al.)**

38.    All the above allegations are realleged and incorporated herein by reference.

39.    Defendants represented to pregnant women, including the grandmother of Plaintiff and her attending physicians, in promotion campaigns, advertisements, labeling, and literature that DES was safe, effective, and adequately tested, which representations were made and publicized with the purpose and intent of having physicians and their patients rely on them.

40.    The grandmother of the plaintiff and her attending physicians, did in fact, rely on Defendant's representations in its advise about purchase, use, and consumption of DES.

41.    At all, times relevant to this action, these representations were known to Defendants to be false or they were made by Defendants in conscious, reckless and/or unreasonable disregard of facts available to Defendants, indicating a lack of efficacy and a danger to pregnant women and their unborn children.

42.    As a direct result of said false representations by Defendants, the minor Plaintiff was injured as aforesaid.

**COUNT IX**
**(Punitive Damages)**

43.    The acts of the Defendants were gross, wanton and intentional in that Defendants, at the time of Plaintiff's exposure, had actual and constructive notice that DES crossed the

9

placental barrier and adversely affected and stunted the morphology and embryologic development of the exposed female fetus. Additionally, the Defendants knew or should have known that DES was ineffective, of no use and provided no benefit to the pregnant mother. Nonetheless, the Defendants knowingly and intentionally promoted DES for use in pregnancy as safe and effective to prevent the threat of miscarriage disregarding the published literature that warned of the risks and criticized its efficacy. The Defendants intentionally, maliciously and wantonly promoted DES for use in maintaining pregnancy as the most "effective" therapy to prevent miscarriage and even recommended its use prophylactively even where no symptoms or signs of a threatened miscarriage appeared. Additionally, the Defendants fraudulently deceived the Food and Drug Administration and the obstetrical profession and Plaintiffs by knowingly and intentionally withholding adverse literature and studies and submitting only favorable reports, which it knew originated in erroneous studies with incompetent investigators using poorly designed test methods.

### COUNT IX
**(Loss of Consortium – John Tangredi v. Eli Lilly and Company, et. al.)**

44.      All the above allegations are realleged and incorporated herein by reference.

45.      Plaintiff, John Tangredi is the husband of Laura Tangredi. As a result of the negligence, strict liability, breach of warranty, and misrepresentation of Defendants as aforesaid, Plaintiff John Tangredi has been deprived of the love, services and affection of his wife, Laura Tangredi.

**WHEREFORE**, Plaintiff Laura Tangredi, individually, demands judgment against Defendant in the sum of $1 Million ($1,000,000.00) in compensatory damages and $1 Million ($1,000,000.00) in punitive damages, jointly and severally, plus costs.

WHEREFORE, Plaintiff Laura Tangredi, individually, demands judgment against Defendant in the sum of $1 Million ($1,000,000.00) in compensatory damages and $1 Million ($1,000,000.00) in punitive damages, jointly and severally, plus costs.

WHEREFORE, Plaintiff Laura Tangredi, as Mother, Guardian and Next Friend of Matthew Michael Tangredi, a minor, demands judgment against Defendant for $10 Million ($10,000,000.00) in compensatory and punitive damages, jointly and severally, plus costs.

WHEREFORE, Plaintiff John Tangredi, individually, demands judgment against Defendant in the sum of $500 Thousand ($500,000.00) in compensatory damages, and $500 Thousand ($500,000.00) in punitive damages, jointly and severally, plus costs.

Respectfully submitted,

AARON M. LEVINE & ASSOCIATES, P.A.

Aaron M. Levine, #7864
1320 19th Street, N.W., Suite 500
Washington, D.C. 20036
(202) 833-8040

Brandon J. Levine, #412130

Renee L. Robinson-Meyer, #455375

Steven J. Lewis, #472564

Counsel for Plaintiff

**A TRUE COPY**
TEST: Jan 25 2006
Clerk, Superior Court of the
District of Columbia
By_____
Deputy Clerk

## DEMAND FOR JURY TRIAL

Plaintiff hereby demand a trial by jury as to all issues of material facts.

Aaron M. Levine

SUPERIOR COURT FOR THE DISTRICT OF COLUMBIA
CIVIL DIVISION

RECEIVED
Civil Clerk's Office

JAN 1 2 2006

Superior Court of the
District of Columbia
Washington, D.C.

LAURA TANGREDI, *et al.*,

        Plaintiffs,

        v.

ELI LILLY AND COMPANY, *et al.*,
Lilly Corporate Center
Indianapolis, IN 46285

        Defendants.

CIVIL ACTION No. 05-0009699

Calendar #

Judge Judith E. Retchin

## DEFENDANT ELI LILLY AND COMPANY'S ANSWER TO THE COMPLAINT

Defendant Eli Lilly and Company ("Lilly"), by its undersigned attorneys, answers the Complaint filed in this action as follows:

### FIRST DEFENSE

Answers to each paragraph of the Complaint by Lilly are made without waiving, but expressly reserving all rights that Lilly may have to seek relief by appropriate motions directed to the allegations of the Complaint.

1.  Whether jurisdiction exists in this court pursuant to 11 D.C. Code § 921 is a legal question to which no response is required. To the extent a response is required, however, Lilly denies the allegations contained in Paragraph 1 of the Complaint.

2.  Lilly is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 2 of the Complaint. To the extent a response is required, however, Lilly denies the allegations contained in Paragraph 2 of the Complaint.

3.  Lilly states that following FDA approval of its Supplemental New Drug Application in 1947, Lilly manufactured and sold certain dosages of diethylstilbestrol. Lilly further states

that the term "DES" includes many drug products including but not limited to diethylstilbestrol, and any admissions in this Answer are intended to refer only to diethylstilbestrol as it relates to Lilly. Lilly is without knowledge or information sufficient to form a belief as to whether Matthew Michael Tangredi was born in, has received all medical care in, and resides in California. Except as already stated, Lilly denies the allegations contained in Paragraph 3 of the Complaint.

4. Lilly states that it did sell and distribute diethylstilbestrol in the District of Columbia. Lilly also states that it is doing business in the District of Columbia, that the U.S. Food and Drug Administration ("FDA") is headquartered in the District of Columbia, and that the FDA approved Lilly's sales of diethylstilbestrol and declared that the drug was generally recognized as safe by experts in the field for the uses at issue here. Except as already stated, Lilly denies the allegations contained in Paragraph 4 of the Complaint.

## COUNT I
**(Negligence - Laura Tangredi v. Eli Lilly and Company, *et al.*)**

5. Lilly is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in the first two sentences of Paragraph 5 of the Complaint. Lilly states that following FDA approval of its Supplemental New Drug Application in 1947, Lilly manufactured and sold certain dosages of diethylstilbestrol. Except as already stated, Lilly denies the allegations of Paragraph 5 of the Complaint.

6. Lilly denies the allegations contained in Paragraph 6 of the Complaint.

7. Lilly denies the allegations contained in Paragraph 7 of the Complaint.

## COUNT II
**(Strict Liability - Laura Tangredi v. Eli Lilly and Company, *et al.*)**

8. Lilly repeats and realleges its answers contained in Paragraphs 1 through 7 above.

9. Lilly denies the allegations contained in Paragraph 9 of the Complaint.

10. Lilly denies the allegations contained in Paragraph 10 of the Complaint.

11. Lilly denies the allegations contained in Paragraph 11 of the Complaint.

12. Lilly denies the allegations contained in Paragraph 12 of the Complaint.

## COUNT III
### (Breach of Warranty - Laura Tangredi v. Eli Lilly and Company, *et al.*)

13. Lilly repeats and realleges its answers contained in Paragraphs 1 through 12 above.

14. Lilly denies the allegations contained in Paragraph 14 as stated, but admits that following FDA approval of its Supplemental New Drug Application in 1947, Lilly manufactured and sold certain dosages of diethylstilbestrol for treatment of certain accidents of pregnancy as referenced in its product literature.

15. Lilly denies the allegations contained in Paragraph 15 of the Complaint.

16. Lilly denies the allegations contained in Paragraph 16 of the Complaint.

17. Lilly denies the allegations contained in Paragraph 17 of the Complaint.

## COUNT IV
### (Misrepresentation - Laura Tangredi v. Eli Lilly and Company, *et al.*)

18. Lilly repeats and realleges its answers contained in Paragraphs 1 through 17 above.

19. Lilly denies the allegations contained in Paragraph 19 as stated, but admits that following FDA approval of its Supplemental New Drug Application in 1947, Lilly manufactured and sold certain dosages of diethylstilbestrol for treatment of certain accidents of pregnancy as referenced in its product literature.

20. Lilly denies the allegations contained in Paragraph 20 of the Complaint.

21. Lilly denies the allegations contained in Paragraph 21 of the Complaint.

22. Lilly denies the allegations contained in Paragraph 22 of the Complaint.

## COUNT V
### (Negligence - Matthew Michael Tangredi, a Minor v. Eli Lilly and Company, *et al.*)

23. Lilly is without knowledge or information sufficient to form a belief as to whether Plaintiff Laura Tangredi brings this suit as mother, guardian, and next friend of Matthew Michael Tangredi, a minor.  Except as already stated, Lilly denies the allegations of Paragraph 23 of the Complaint.

24. Lilly admits that diethylstilbestrol is a synthetic estrogen and further states that following FDA approval of its Supplemental New Drug Application in 1947, Lilly manufactured and sold certain dosages of diethylstilbestrol.  Except as already stated, Lilly denies the allegations contained in Paragraph 24 of the Complaint.

25. Lilly denies the allegations contained in Paragraph 25 of the Complaint.

## COUNT VI
### (Strict Liability - Matthew Michael Tangredi, a Minor v. Eli Lilly and Company, *et al.*)

26. Lilly repeats and realleges its answers contained in Paragraphs 1 through 25 above.

27. Lilly denies the allegations contained in Paragraph 27 of the Complaint, including each and every allegation contained in the subparts of Paragraph 27.

28. Lilly denies the allegations contained in Paragraph 28 of the Complaint.

29. Lilly denies the allegations contained in Paragraph 29 of the Complaint.

30. Lilly denies the allegations contained in Paragraph 30 of the Complaint.

31. Lilly denies the allegations contained in Paragraph 31 of the Complaint.

32. Lilly denies the allegations contained in Paragraph 32 of the Complaint.

## COUNT VII
### (Breach of Warranty-Matthew Michael Tangredi, a Minor v. Eli Lilly and Company, *et al.*)

33. Lilly repeats and realleges its answers contained in Paragraphs 1 through 32 above.

34. Lilly denies the allegations contained in Paragraph 34 as stated, but admits that following FDA approval of its Supplemental New Drug Application in 1947, Lilly manufactured and sold certain dosages of diethylstilbestrol for treatment of certain accidents of pregnancy as referenced in its product literature.

35. Lilly denies the allegations contained in Paragraph 35 of the Complaint.

36. Lilly denies the allegations contained in Paragraph 36 of the Complaint.

37. Lilly denies the allegations contained in Paragraph 37 of the Complaint.

**COUNT VIII**
**(Misrepresentation - Matthew Michael Tangredi, a Minor v. Eli Lilly and Company, *et al.*)**

38. Lilly repeats and realleges its answers contained in Paragraphs 1 through 37 above.

39. Lilly denies the allegations contained in Paragraph 39 as stated, but admits that following FDA approval of its Supplemental New Drug Application in 1947, Lilly manufactured and sold certain dosages of diethylstilbestrol for treatment of certain accidents of pregnancy as referenced in its product literature.

40. Lilly denies the allegations contained in Paragraph 40 of the Complaint.

41. Lilly denies the allegations contained in Paragraph 41 of the Complaint.

42. Lilly denies the allegations contained in Paragraph 42 of the Complaint.

**COUNT IX**
**(Punitive Damages)**

43. Lilly denies the allegations contained in Paragraph 43 of the Complaint.

**COUNT X**
**(Loss of Consortium - John Tangredi v. Eli Lilly and Company, *et al.*)**

44. Lilly repeats and realleges its answers contained in Paragraphs 1 through 43 above

45. Lilly denies the allegations contained in Paragraph 45 of the Complaint.

## SECOND DEFENSE

The Complaint fails to state a claim upon which relief can be granted against Lilly.

## THIRD DEFENSE

The Plaintiffs' claims are barred by the applicable statute of limitations or laches.

## FOURTH DEFENSE

If Plaintiffs sustained injuries or incurred expenses as alleged, the risks complained of by Plaintiffs were not discoverable using prevailing research and scientific techniques under the then-existing state of the art and were not discoverable using procedures required by federal and state regulatory authorities charged with supervision or licensing of the product as of the time Lilly sold or otherwise parted with possession and control of the product in question.

## FIFTH DEFENSE

If Plaintiffs sustained injuries or incurred expenses as alleged, Plaintiffs' claims may be barred by virtue of the intervention of a learned intermediary or intermediaries to whom defendant discharged any duty to warn.

## SIXTH DEFENSE

This court lacks personal jurisdiction over Lilly.

## SEVENTH DEFENSE

Venue is improper in this judicial district.

## EIGHTH DEFENSE

Plaintiffs' claims are barred and preempted by Lilly's compliance with the Federal Food, Drug, and Cosmetic Act, 21 U.S.C. §§ 301 et seq. and/or the regulations promulgated pursuant to that Act.

## NINTH DEFENSE

Lilly hereby gives notice that it intends to rely upon other and further defenses as may

become available or apparent during discovery proceedings in this case, and hereby reserves the

right to amend its Answer to assert any such defense.

## DEMAND FOR JURY TRIAL

The answering defendant requests a trial by jury.

Respectfully submitted,

ELI LILLY AND COMPANY

_____
Lawrence H. Martin, D.C. Bar # 476639
Foley Hoag LLP
1875 K Street, NW, Suite 800
Washington, D.C. 20006-1238
(202) 223-1200

and

James J. Dillon, D.C. Bar # 485593
Foley Hoag LLP
155 Seaport Boulevard
World Trade Center West
Boston, MA 02210-2600
(617) 832-1000

Dated: January 12, 2006

## CERTIFICATE OF SERVICE

I certify that on Jan 12, 2006 a true copy of Defendant Eli Lilly's Answer To The Complaint was served by U.S. First Class Mail, postage prepaid, upon:

Aaron M. Levine, Esq.
Aaron M. Levine & Associates, P.A.
1320 Nineteenth Street, N.W.
Suite 500
Washington, DC 20036
**Attorneys for Plaintiffs**

Sidney G. Leech, Esq.
Goodell, DeVries, Leech & Dann, LLP
One South Street
20th Floor
Baltimore, MD 21202
**Attorneys for Bristol-Myers Squibb Company**

Elizabeth Ewert, Esq.
Drinker Biddle & Reath
1500 K Street, N.W., Suite 1100
Washington, DC 20005-1209
**Attorneys for Pharmacia and Upjohn Company**

Christopher Garvey, Esq.
Goodwin Proctor LLP
599 Lexington Avenue
New York, New York 10022
**Attorneys for Premo Pharmaceutical Laboratories Inc.**

Ashley W. Hardin, Esq.
Williams & Connolly LLP
725 Twelfth Street, NW
Washington, DC 20005
**Attorneys for Wyeth Pharmaceutical, Inc.**

John Anderson, Esq.
Troutman Sanders LLP
1660 International Drive
Suite 600, Tysons Center
McLean, VA 22102
**Attorneys for Dart Industries, Inc.**

Betty Marroquin

SUPERIOR COURT FOR THE DISTRICT OF COLUMBIA
Civil Division

LAURA TANGREDI, Individually and as Mother & next
friend of MATTHEW MICHAEL TANGREDI, a minor and
JOHN TANGREDI,

Plaintiffs,

v.

ELI LILLY AND COMPANY, et al.,

Defendants.

Civil Action No. 05-0009699

Calendar No. __ [none assigned]
Judge Judith E. Retchin

Next Event: Initial Conference
March 24, 2006, 9:30 a.m.

## DEFENDANT PREMO PHARMACEUTICAL LABORATORIES, INC.'S ANSWER TO COMPLAINT

Premo Pharmaceutical Laboratories, Inc. ("Premo"), through undersigned counsel, responds to plaintiffs' complaint filed on December 21, 2005 (the "Complaint") as follows:

In responding to the Complaint, Premo will provide answers only for itself, and will only respond to allegations addressed to or directed at Premo. Premo has no knowledge or information sufficient to form a belief as to the truth or falsity of any allegations relating to any other defendant herein.

1.    Denies the allegations in paragraph 1 of the Complaint and refers all questions of law to the Court, except that Premo does not contest personal jurisdiction in this matter.

2.    Denies the allegations in paragraph 2 of the Complaint, except denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegation that plaintiff brings this action on her own behalf and as the "mother, guardian and next friend of Plaintiff

Matthew Michael Tangredi, a minor." Further denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegation that "Plaintiff John Tangredi suit [sic] sounds in loss of consortium."

3.      Denies the allegations in paragraph 3 of the Complaint, except admits that at certain times in the past Premo manufactured and sold DES in dosage form. Further denies knowledge or information sufficient to form a belief as to the truth or falsity of whether "Plaintiff Matthew Michael Tangredi, was born prematurely in, and received all medical care, and resides in the State of California."

4.      Denies the allegations in paragraph 4 of the Complaint, except admits that at certain times in the past Premo manufactured and sold DES in dosage form.

### RESPONDING TO COUNT I

5.      Denies the allegations in paragraph 5, except denies knowledge or information sufficient to form a belief as to the truth or falsity of the plaintiff's mother's actions and the actions of plaintiff's mother's physician. Further, admits that at certain times in the past Premo manufactured and sold DES in dosage form.

6.      Denies the allegations in paragraph 6 of the Complaint.

7.      Denies the allegations in paragraph 7 of the Complaint.

### RESPONDING TO COUNT II

8.      Responding to the allegations in paragraph 8 of the Complaint, Premo repeats and realleges the responses to paragraphs 1 to 7 of the Complaint, *supra*, with the same force and effect as if hereinafter set forth at length.

9.      Denies the allegations in paragraph 9 of the Complaint.

-2-

10.     Denies the allegations in paragraph 10 of the Complaint, except admits that Premo believed at all times that when it manufactured and sold DES that DES was safe and effective for its indicated uses.

11.     Denies the allegations in paragraph 11 of the Complaint.

12.     Denies the allegations in paragraph 12 of the Complaint.

## RESPONDING TO COUNT III

13.     Responding to the allegations in paragraph 13 of the Complaint, Premo repeats and realleges the responses to paragraphs 1 to 12 of the Complaint, *supra*, with the same force and effect as if hereinafter set forth at length.

14.     Denies the allegations of paragraph 14 of the Complaint, except admits that Premo believed at all times that when it manufactured and sold DES that DES was safe and effective for its indicated uses.

15.     Denies the allegations in paragraph 15 of the Complaint.

16.     Denies the allegations in paragraph 16 of the Complaint, except admits that Premo believed at all times that when it manufactured and sold DES that DES was safe and effective for its indicated uses.

17.     Denies the allegations in paragraph 17.

-3-

## RESPONDING TO COUNT IV

18.     Responding to the allegations in paragraph 18 of the Complaint, Premo repeats and realleges the responses to paragraphs 1 to 17 of the Complaint, *supra*, with the same force and effect as if hereinafter set forth at length.

19.     Denies the allegations in paragraph 19 of the Complaint, except admits that Premo believed at all times that when it manufactured and sold DES that DES was safe and effective for its indicated uses.

20.     Denies the allegations in paragraph 20 of the Complaint.

21.     Denies the allegations in paragraph 21 of the Complaint.

22.     Denies the allegations in paragraph 22 of the Complaint.

## RESPONDING TO COUNT V

23.     Denies the allegations in paragraph 23 of the Complaint, except denies knowledge or information sufficient to form a belief as to the truth or falsity of whether Plaintiff brings this suit as "mother, guardian and next friend of Matthew Michael Tangredi, a minor."

24.     Denies the allegations in paragraph 24 of the Complaint, except denies knowledge or information sufficient to form a belief as to the truth or falsity of the actions of Florence MacKenzie, and further denies knowledge or information sufficient to form a belief as to the truth or falsity of Matthew Michael Tangredi's physical condition at birth.

25.     Denies the allegations in paragraph 25 of the Complaint.

-4-

## RESPONDING TO COUNT VI

26.     Responding to the allegations in paragraph 26 of the Complaint, Premo repeats and realleges the responses to paragraphs 1 to 25 of the Complaint, *supra*, with the same force and effect as if hereinafter set forth at length.

27.     Denies the allegations in paragraph 27 of the Complaint, except admits that Premo believed at all times that when it manufactured and sold DES that DES was safe and effective for its indicated uses.

28.     Denies the allegations in paragraph 28 of the Complaint.

29.     Denies the allegations in paragraph 29 of the Complaint.

30.     Denies the allegations in paragraph 30 of the Complaint, except admits that Premo believed at all times that when it manufactured and sold DES that DES was safe and effective for its indicated uses.

31.     Denies the allegations in paragraph 31 of the Complaint.

32.     Denies the allegations in paragraph 32 of the Complaint.

## RESPONDING TO COUNT VII

33.     Responding to the allegations in paragraph 33 of the Complaint, Premo repeats and realleges the responses to paragraphs 1 to 32 of the Complaint, *supra*, with the same force and effect as if hereinafter set forth at length.

-5-

34.     Denies the allegations of paragraph 34 of the Complaint, except admits that Premo believed at all times that when it manufactured and sold DES that DES was safe and effective for its indicated uses.

35.     Denies the allegations of paragraph 35 of the Complaint.

36.     Denies the allegations of paragraph 36 of the Complaint, except admits that Premo believed at all times that when it manufactured and sold DES that DES was safe and effective for its indicated uses.

37.     Denies the allegations of paragraph 37 of the Complaint.

## RESPONDING TO COUNT VIII

38.     Responding to the allegations in paragraph 38 of the Complaint, Premo repeats and realleges the responses to paragraphs 1 to 37 of the Complaint, *supra*, with the same force and effect as if hereinafter set forth at length.

39.     Denies the allegations in paragraph 39 of the Complaint, except admits that Premo believed at all times that when it manufactured and sold DES that DES was safe and effective for its indicated uses.

40.     Denies the allegations in paragraph 40 of the Complaint.

41.     Denies the allegations in paragraph 41 of the Complaint.

42.     Denies the allegations in paragraph 42 of the Complaint.

-6-

## RESPONDING TO COUNT IX

43.    Denies the allegations in paragraph 43 of the Complaint, except admits that Premo believed at all times that when it manufactured and sold DES that DES was safe and effective for its indicated uses.

## RESPONDING TO COUNT IX [sic]

44.    Responding to the allegations in paragraph 44 of the Complaint, Premo repeats and realleges the responses to paragraphs 1 to 43 of the Complaint, *supra*, with the same force and effect as if hereinafter set forth at length.

45.    Denies the allegations in paragraph 45 of the Complaint, except denies knowledge or information sufficient to form a belief as to the truth or falsity of whether "Plaintiff, John Tangredi is the husband of Laura Tangredi."

## AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

The Complaint fails to state a cause of action upon which relief may be granted.

### SECOND AFFIRMATIVE DEFENSE

Plaintiffs have failed to join and include in this action all identifiable and indispensable parties without whom, in equity and fairness, this action should not proceed.

-7-

## THIRD AFFIRMATIVE DEFENSE

The causes of action alleged in the Complaint are barred by applicable statutes of limitations and by the applicable statutes of repose.

## FOURTH AFFIRMATIVE DEFENSE

Plaintiffs lack capacity and standing to sue by reason of the fact that no duty was owed the allegedly DES-exposed plaintiffs by Premo at the time such plaintiffs' mothers allegedly used or were exposed to the DES referred to in the Complaint or by reason of the doctrine of *en ventre sa mere*, and therefore, plaintiffs have failed to allege facts sufficient to state a cause of action upon which relief may be granted.

## FIFTH AFFIRMATIVE DEFENSE

Plaintiffs have been unable to identify Premo as the person causing the alleged injuries, and therefore have failed to state a cause of action against Premo upon which relief may be granted.

## SIXTH AFFIRMATIVE DEFENSE

Any damages, injuries or losses that may have been sustained by plaintiffs as alleged in the Complaint were sustained only after the allegedly DES-exposed plaintiff's mother knowingly and voluntarily assumed any alleged risk inherent in the consumption or use of the DES referred to in the Complaint with respect to herself and her offspring.

LIBNY/4491881.1

## SEVENTH AFFIRMATIVE DEFENSE

Upon information and belief, any injuries, losses or damages that plaintiffs may have sustained were caused by the allegedly DES-exposed plaintiff's own negligence or that of such plaintiff's mother and, therefore, barred by the doctrine of contributory negligence.

## EIGHTH AFFIRMATIVE DEFENSE

Plaintiff is barred from asserting the causes of action contained in the Complaint because, if the DES referred to in the Complaint was used by the allegedly DES-exposed plaintiff's mother during pregnancy with such plaintiff, the use of said drug was responsible for the birth of such plaintiff.

## NINTH AFFIRMATIVE DEFENSE

If plaintiffs sustained any injury or incurred any loss or damages as alleged in the Complaint, the same were caused in whole or in part by acts or omissions of another or others over whom Premo neither exercised nor had any right of control, for which Premo is and was not responsible, and whose conduct Premo had no duty or reason to anticipate or control.

## TENTH AFFIRMATIVE DEFENSE

If in fact the allegedly DES-exposed plaintiff's mother used the DES referred to in the Complaint, upon information and belief, said DES was used for a purpose and in a manner not intended or recommended by the manufacturer or distributor thereof and over which Premo had no control.

## ELEVENTH AFFIRMATIVE DEFENSE

Upon information and belief, if the injuries referred to in the Complaint were caused by a drug manufactured or marketed by Premo, such injuries were the result of an idiosyncratic reaction to such drug by the allegedly DES-exposed plaintiffs or by such plaintiff's mother.

## TWELFTH AFFIRMATIVE DEFENSE

With respect to all causes of action based upon alleged breaches of express or implied warranties, there was no privity of contract between plaintiffs and Premo.

## THIRTEENTH AFFIRMATIVE DEFENSE

With respect to all causes of action based upon alleged breaches of express or implied warranties, there was no timely notice of any alleged breach of warranty given to Premo at any time and any applicable statutes of limitations apply.

## FOURTEENTH AFFIRMATIVE DEFENSE

The DES referred to in the Complaint was a prescription drug, and the federal government has preempted the field of law applicable to prescription drug products and their labeling; the manufacture, distribution and sale of the DES referred to in the Complaint were and are controlled by federal law and the manufacture and sale of said drug by Premo at all times were in compliance with applicable federal law; therefore, the Complaint fails to state a cause of action upon which relief may be granted in that, *inter alia*, such claims, if upheld, would impede, impair, frustrate or burden the effectiveness of federal law regulating the field of prescription

-10-

drugs and would constitute an invalid burden by this Court on interstate commerce, and would, therefore, violate the Supremacy Clause (Article VI, Section 2) and the Commerce Clause (Article I, Section 8) of the United States Constitution.

## FIFTEENTH AFFIRMATIVE DEFENSE

In view of plaintiffs' failure to identify the manufacturer of the alleged injury-causing product, the Complaint fails to state a cause of action upon which relief may be granted, in that, *inter alia*, plaintiffs have asserted causes of action which, if granted, would contravene Premo's constitutional rights to substantive and procedural due process of law under both the United States and all applicable state constitutions.

## SIXTEENTH AFFIRMATIVE DEFENSE

In view of plaintiffs' failure to identify the manufacturer of the alleged injury-causing product, the Complaint fails to state a cause of action upon which relief may be granted, in that, *inter alia*, plaintiffs have asserted causes of action for relief which, if upheld, would constitute a taking of private property for a public use without just compensation and such taking would contravene Premo's constitutional rights under the United States and all applicable state constitutions.

-11-

## SEVENTEENTH AFFIRMATIVE DEFENSE

If Premo is found liable to plaintiffs for any loss allegedly suffered by plaintiffs, such liability shall not exceed Premo's equitable share determined in accordance with the relative culpability of each person causing or contributing to the total liability for such loss.

## EIGHTEENTH AFFIRMATIVE DEFENSE

If in fact the Complaint is held to contain a cause of action upon which relief may be granted, then plaintiffs' recovery, if any, should be reduced by the relative amount of comparative fault attributable to plaintiffs or their agents or persons other than Premo or completely barred by the doctrine of contributory negligence.

## NINETEENTH AFFIRMATIVE DEFENSE

If plaintiffs sustained the injuries alleged in the Complaint, which is denied, these alleged injuries were caused by factors other than exposure to DES and were not due to the fault, lack of care, negligence or any breach of duty by Premo.

## TWENTIETH AFFIRMATIVE DEFENSE

Plaintiffs' claims for relief are barred by the learned intermediary doctrine.

## TWENTY-FIRST AFFIRMATIVE DEFENSE

This Court is not the proper venue for this action. In addition, Premo gives notice of its intention to rely upon the doctrine of *forum non conveniens*.

LIBNY/4491881.1

## TWENTY-SECOND AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred by the doctrine of laches.

## TWENTY-THIRD AFFIRMATIVE DEFENSE

Premo states that to the extent that plaintiffs' demand for judgment includes a request for punitive damages, such request is in violation of the Due Process Clause of the Fourteenth Amendment to the United States Constitution and all applicable state constitutions.

## TWENTY-FOURTH AFFIRMATIVE DEFENSE

Premo states that to the extent that plaintiffs' demand for judgment includes a request for punitive damages, such request is in violation of the Equal Protection Clause of the Fourteenth Amendment to the United States Constitution and all applicable state constitutions.

## TWENTY-FIFTH AFFIRMATIVE DEFENSE

Any award of punitive damages to plaintiffs in this case disproportionate to the actual damages incurred by plaintiffs, if any, would be in violation of the constitutional safeguards provided under the Constitution of the United States of America and all applicable state constitutions.

## TWENTY-SIXTH AFFIRMATIVE DEFENSE

Punitive damages cannot be sustained because of the lack of clarity in the standards for awarding punitive damages and plaintiffs have failed to state facts sufficient to support a claim for punitive damages.

-13-

## TWENTY-SEVENTH AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred by the doctrines of res judicata and/or collateral estoppel and/or waiver.

## TWENTY-EIGHTH AFFIRMATIVE DEFENSE

With respect to all claims brought or purportedly brought upon plaintiff's son, Premo owed no duty to said party, and any injuries allegedly suffered were not foreseeable.

## TWENTY-NINETH AFFIRMATIVE DEFENSE

Premo incorporates by reference herein all other applicable defenses set forth in answers by any other defendants and will rely on all defenses that become available during discovery or trial.

WHEREFORE, Premo demands judgment dismissing the Complaint in all respects, for the costs and disbursements of this action, including reasonable attorneys' fees, and

-14-

for such other and further relief as to this Court may seem just and proper.

GOODWIN PROCTER LLP

By: _____

Aaron M. Bailey (Bar # 484262)
901 New York Avenue, N.W.
Washington, D.C. 20001
Telephone: (202) 346-4000
Facsimile: (202) 346-4444
ABailey@goodwinprocter.com
*Attorneys for Defendant Premo*
*Pharmaceutical Laboratories, Inc.*

Of Counsel:
Christopher Garvey, Esq.
Ryan A. McDonald, Esq.
GOODWIN PROCTER LLP
599 Lexington Avenue
New York, New York 10022
Telephone (212) 813-8800
Facsimile (212) 355-3333
Cgarvey@goodwinprocter.com
Rmcdonald@goodwinprocter.com

-15-

## CERTIFICATE OF SERVICE

I hereby certify that on January 12, 2006, a copy of the above and foregoing has been duly served upon counsel of record via first class U.S. Mail, postage pre-paid, to the following:

Aaron M. Levine, Esquire
Brandon J. Levine, Esquire
Renee L. Robinson-Meyer, Esquire
Steven J. Lewis, Esquire
Aaron M. Levine & Associates, PA
1320 19th Street, NW
Suite 500
Washington, DC 20036
*Attorneys for Plaintiffs*

Lawrence H. Martin, Esquire
Foley Hoag, LLP
1747 Pennsylvania Avenue, NW
Suite 1200
Washington, DC 20006-4604

and

James J. Dillon, Esquire
John Granberry Gransky, Esquire
Foley Hoag, LLP
155 Seaport Boulevard
World Trade Center West
Boston, Massachusetts 02210-2600
*Attorneys for Eli Lilly and Company*

Sidney G. Leech, Esquire
Malcolm Brisker, Esquire
Goodell, DeVries, Leech & Dann, LLP
One South Street, 20th Floor
Baltimore, Maryland 21202
*Attorneys for Bristol-Meyers Squibb Company*

Michael J. McManus, Esquire
Elizabeth Ewert, Esquire
Drinker, Biddle Realth, LLP
1500 K Street, NW, Suite 110
Washington, DC 20005-1209
*Attorneys for Defendant Pharmacia and Upjohn Co.*

-16-

John F. Anderson, Esquire
Troutman Sanders LLP
1660 International Drive
Suite 600, Tysons Corner
McLean, Virginia 22102
*Attorneys for Defendant Dart Industries, Inc.*

F. Lane Heard, III, Esquire
Ashley Hardin, Esquire
Williams & Connolly, LLP
725 12th Street, N.W.
Washington, D.C. 20005
*Attorneys for Wyeth Pharmaceutical, Inc.*

_____
Aaron M. Bailey (Bar # 484262)

-17-

## SUPERIOR COURT FOR THE DISTRICT OF COLUMBIA
### Civil Division

LAURA TANGREDI, et al.                    *

    Plaintiffs                         *

                               C.A. No.: 05-CA-0009699

v.                                         *    Judge: Judith E. Retchin

ELI LILLY & COMPANY, et al.                *

    Defendants                         *

       *    *    *    *    *    *    *    *    *

### ANSWER TO COMPLAINT

Bristol-Myers Squibb Company, one of the Defendants, by its attorneys, Sidney G. Leech, Malcolm S. Brisker, and Goodell, DeVries, Leech & Dann, LLP, for an Answer to the Complaint filed against it in the above-captioned case, and each and every count thereof says:

### FIRST DEFENSE

That the Complaint fails to state a claim or claims against this Defendant upon which relief can be granted.

### SECOND DEFENSE

1.    As to Paragraph 1 of the Complaint, this Defendant lacks sufficient information to form a belief as to the truth of the allegations contained in this paragraph and, therefore, can neither admit nor deny the allegations in this paragraph and demands strict proof thereof by the Plaintiff.

2.    As to Paragraph 2 of the Complaint, this paragraph requires no response because the Plaintiffs are merely identifying the status in which they are bringing suit.

3.      As to Paragraph 3 of the Complaint, this Defendant denies the allegations of this paragraph as to it.

4.      As to Paragraph 4 of the Complaint, this Defendant admits that it has been engaged in and is engaged in the manufacturing, marketing, sale, promotion and distribution of pharmaceuticals throughout the United States, and this Defendant admits that it is doing business in the District of Columbia; however, this Defendant denies the remainder of this paragraph.

5.      As to Count I, Paragraphs 5, 6 and 7 of the Complaint, this Defendant denies the allegations of these paragraphs as to it.

6.      As to Count II, Paragraph 8 of the Complaint, this Defendant incorporates by reference its prior responses to Paragraphs 1 through 7 as fully as if they were repeated verbatim herein.

7.      As to Count II, Paragraphs 9, 10, 11 and 12 of the Complaint, this Defendant denies the allegations of these paragraphs as to it.

8.      As to Count III, Paragraph 13 of the Complaint, this Defendant incorporates by reference its prior responses to Paragraphs 1 through 12 as fully as if they were repeated verbatim herein.

9.      As to Count III, Paragraphs 14, 15, 16 and 17 of the Complaint, this Defendant denies the allegations of these paragraphs as to it.

10.     As to Count IV, Paragraph 18 of the Complaint, this Defendant incorporates by reference its prior responses to Paragraphs 1 through 17 as fully as if they were repeated verbatim herein.

11.    As to Count IV, Paragraphs 19, 20, 21 and 22 of the Complaint, this Defendant denies the allegations of these paragraphs as to it.

12.    As to Count V, Paragraphs 23, 24 and 25 of the Complaint, this Defendant denies the allegations of these paragraphs as to it.

13.    As to Count VI, Paragraph 26 of the Complaint, this Defendant incorporates by reference its prior responses to Paragraphs 1 through 25 as fully as if they were repeated verbatim herein.

14.    As to Count VI, Paragraphs 27, 28, 29, 30, 31 and 32 of the Complaint, this Defendant denies the allegations of these paragraphs as to it.

15.    As to Count VII, Paragraph 33 of the Complaint, this Defendant incorporates by reference its prior responses to Paragraphs 1 through 32 as fully as if they were repeated verbatim herein.

16.    As to Count VII, Paragraphs 34, 35, 36, and 37 of the Complaint, this Defendant denies the allegations of these paragraphs as to it.

17.    As to Count VIII, Paragraph 38 of the Complaint, this Defendant incorporates by reference its prior responses to Paragraphs 1 through 37 as fully as if they were repeated verbatim herein.

18.    As to Count VIII, Paragraphs 39, 40, 41 and 42 of the Complaint, this Defendant denies the allegations of these paragraphs as to it.

19.    As to Count IX, Paragraph 43 of the Complaint, this Defendant denies the allegations of this paragraph as to it.

20.    As to Count IX, Paragraph 44 of the Complaint, this Defendant incorporates by reference its prior responses to Paragraphs 1 through 43 as fully as if they were repeated verbatim herein.

21.    As to Count IX, Paragraph 45 of the Complaint, this Defendant denies the allegations of this paragraph as to it.

## AFFIRMATIVE AND OTHER DEFENSES

### FIRST DEFENSE

The Defendant denies any allegation contained in Plaintiffs' Complaint in the above-captioned case to which this Defendant has not specifically responded.

### SECOND DEFENSE

Plaintiffs' causes of action are barred by the applicable statute or statutes of limitation.

### THIRD DEFENSE

Plaintiff's natural mother was guilty of contributory negligence which was a proximate cause of the injuries, damages and losses complained of, which negligence is a complete bar to the recovery by Plaintiffs in this case.

### FOURTH DEFENSE

Plaintiff's natural mother assumed the risks inherent in the use of Diethylstilbestrol and her assumption of risk is a complete bar to Plaintiff's recovery in this action.

4

### FIFTH DEFENSE

Plaintiff's natural mother misused or abused the Diethylstilbestrol, which she consumed or ingested, which conduct is a complete bar to Plaintiff's recovery in this case.

### SIXTH DEFENSE

If Plaintiff sustained any of the injuries as alleged in the Complaint, which is hereby expressly denied, there was an intervening cause and/or causes leading to said alleged injuries and, as such, any action on the part of this Defendant was not the proximate cause of Plaintiff's alleged injuries.

### SEVENTH DEFENSE

If Plaintiff sustained any of the injuries as alleged in the Complaint, which is hereby expressly denied, said injuries were caused in whole or in part by the conduct of one or more third persons for whose conduct this Defendant is not responsible or with whom this Defendant had no legal relationship.

### EIGHTH DEFENSE

This Complaint is barred in whole or in part by the application statute or statues of repose.

### NINTH DEFENSE

The Complaint fails to join a necessary party or parties without whom complete relief cannot be granted.

### TENTH DEFENSE

If the product in question was unsafe, then it was unavoidably unsafe.

## ELEVENTH DEFENSE

The Plaintiff's causes of action are barred by the doctrine of res judicata or the doctrine of collateral estoppel.

## TWELFTH DEFENSE

If this Defendant's product was ingested by Plaintiff's natural mother, then this Defendant alleges that such product was in conformity with the generally recognized state-of-the-art at the time it was designed, manufactured, inspected, packaged, labeled and sold; therefore, Plaintiffs are barred from recovery.

## THIRTEENTH DEFENSE

Plaintiffs' causes of action are barred by the Doctrine of Laches.

## FOURTEENTH DEFENSE

All of Plaintiffs' causes of action are barred by the Doctrine of Federal Preemption.

## FIFTEENTH DEFENSE

At all applicable times, this Defendant fully complied with all applicable Federal, State, and local statutory and regulatory requirements concerning DES, including those prescribed by the Federal Food, Drug and Cosmetic Act and those promulgated by the Federal Food and Drug Administration.

## SIXTEENTH DEFENSE

The Plaintiffs are barred from recovery in the above-captioned case based on the application of the learned intermediary doctrine.

**SEVENTEENTH DEFENSE**

This Defendant states that there are no allegations contained in the Complaint sufficient to support a cause of action for exemplary or punitive damages as to this Defendant and, therefore, all claims for punitive or exemplary damages in the above-captioned case should be dismissed with prejudice.

**EIGHTEENTH DEFENSE**

Any claims in the Complaint that seek an award of exemplary or punitive damages violate this Defendant's right to procedural due process as provided in the Fifth and Fourteenth Amendments of the United States Constitution.

**NINETEENTH DEFENSE**

Any claims in the Complaint that seek an award of exemplary or punitive damages violate this Defendant's right to substantive due process as provided in the Fifth and Fourteenth Amendments of the United States Constitution.

**TWENTIETH DEFENSE**

Any claims in the Complaint that seek an award of exemplary or punitive damages would violate this Defendant's right to protection from "excessive fines" as provided in the Eighth Amendment of the United States Constitution.

**TWENTY-FIRST DEFENSE**

Count IX of the Complaint does not constitute a separate cause of action but is merely a request for a different type of damages and, therefore, Count V of the Complaint is a legal nullity.

### TWENTY-SECOND DEFENSE

Count IX of the Complaint, which prays for damages for loss of consortium, cannot be maintained because it is a joint cause of action and the Plaintiffs were not husband and wife at the time the injuries complained of occurred.

### TWENTY-THIRD DEFENSE

Counts V, VI, VII, and VIII cannot be maintained because the substantive law of the state which is applicable to these causes of action does not recognize causes of action brought on behalf of third-generation claimant under the facts as alleged.

**WHEREFORE**, Bristol-Myers Squibb Company, one of the Defendants, moves this Honorable Court to enter an Order in the above-captioned case, dismissing the Complaint with prejudice as to it, or for such other and further relief as may be appropriate under the circumstances.

Sidney G. Leech
D.C. Bar No. 359071
Malcolm S. Brisker
Goodell, DeVries, Leech & Dann, LLP
One South Street, 20th Floor
Baltimore, Maryland 21202
(410) 783-4000
*Attorneys for Defendant,*
*Bristol-Myers Squibb Company*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this _6th_ day of January, 2006, a copy of the

foregoing Answer to Complaint was mailed first-class, postage prepaid, to:

Aaron M. Levine, Esquire
Aaron M. Levine & Associates, P.A.
1320 19th Street, N.W., Suite 500
Washington, D.C. 20036; *Attorney for Plaintiffs*

Lawrence H. Martin, Esquire
Foley Hoag, LLP
1875 K Street, N.W.
Washington, D.C. 20006-1238

James J. Dillon, Esquire
Foley Hoag LLP
155 Seaport Boulevard
Boston, MA 02210; *Attorneys for Eli Lilly and Company*

Elizabeth Ewert, Esquire
Stephanie Albert, Esquire
Drinker, Biddle Reath, LLP
1500 K Street, N.W., Suite 1100
Washington, D.C. 20005-1209; *Attorneys for Defendant Pharmacia and Upjohn Company*

John F. Anderson, Esquire
Troutman Sanders, LLP
1660 International Drive
Suite 600, Tysons Corner
McLean, Virginia 22102; *Attorneys for Dart Industries, Inc.*

Christopher J. Garvey, Esquire
Goodwin Proctor, LLP
901 New York Avenue, N.W.
Washington, D.C. 20001; *Attorneys for Premo Pharmaceutical Laboratories, Inc.*

F. Lane Heard, III, Esquire
Ashley W. Hardin, Esquire
Williams & Connolly, LLP
725 12th Street, N.W.
Washington, D.C.  20005; *Attorneys for Wyeth*

Sidney G. Leech



SUPERIOR COURT FOR THE DISTRICT OF COLUMBIA
CIVIL DIVISION

LAURA TANGREDI, *et al.*,

Plaintiffs,

v.

ELI LILLY AND COMPANY, *et al.*,

Defendants.

CIVIL ACTION No. 05-0009699

Calendar #

Judge Judith E. Retchin

## RULE 7.1 DISCLOSURE STATEMENT

I, the undersigned, counsel of record for Defendant Eli Lilly and Company, certify that to the best of my knowledge and belief, the following are parent companies, subsidiaries, or affiliates of Eli Lilly and Company which have any outstanding securities in the hands of the public.

**Lilly Del Mar, Inc., a British Virgin Islands Corporation**

These representations are made in order that judges of this Court may determine the need for recusal.

Respectfully submitted,

ELI LILLY AND COMPANY

Lawrence H. Martin, D.C. Bar # 476639
Foley Hoag LLP
1875 K Street, NW, Suite 800
Washington, D.C. 20006-1238
(202) 223-1200

and

James J. Dillon, D.C. Bar # 485593
Foley Hoag LLP
155 Seaport Boulevard
World Trade Center West
Boston, MA 02210-2600
(617) 832-1000

Dated: January 12, 2006

## CERTIFICATE OF SERVICE

I certify that on _1-12-06_ , a true copy of Defendant Eli Lilly's Rule 7.1 Disclosure Statement was served by U.S. First Class Mail, postage prepaid, upon:

Aaron M. Levine, Esq.
Aaron M. Levine & Associates, P.A.
1320 Nineteenth Street, N.W.
Suite 500
Washington, DC 20036
**Attorneys for Plaintiffs**

Christopher Garvey, Esq.
Goodwin Proctor LLP
599 Lexington Avenue
New York, New York 10022
**Attorneys for Premo Pharmaceutical Laboratories Inc.**

Sidney G. Leech, Esq.
Goodell, DeVries, Leech & Dann, LLP
One South Street
20th Floor
Baltimore, MD 21202
**Attorneys for Bristol-Myers Squibb Company**

Ashley W. Hardin, Esq.
Williams & Connolly LLP
725 Twelfth Street, NW
Washington, DC 20005
**Attorneys for Wyeth Pharmaceutical, Inc.**

Elizabeth Ewert, Esq.
Drinker Biddle & Reath
1500 K Street, N.W., Suite 1100
Washington, DC 20005-1209
**Attorneys for Pharmacia and Upjohn Company**

John Anderson, Esq.
Troutman Sanders LLP
1660 International Drive
Suite 600, Tysons Center
McLean, VA 22102
**Attorneys for Dart Industries, Inc.**

_____
Betty Marroquin



CA Form 1

# Superior Court of the District of Columbia
### CIVIL DIVISION
500 Indiana Avenue, N.W., Room JM-170
Washington, D.C. 20001 Telephone: 879-1133

| LAURA TANGREDI, et.al. | 05-0009699 |

*Plaintiff*

vs.

Civil Action No. [        ]

| WYETH |

*Defendant*

**A TRUE COPY**
TEST: Jan 25, 2006

Clerk, Superior Court of the
District of Columbia

By _____
Deputy Clerk

**SUMMONS**

To the above named Defendant:

You are hereby summoned and required to serve an Answer to the attached Complaint, either personally or through an attorney, within twenty (20) days after service of this summons upon your exclusive of the day of service. If you are being sued as an officer or agency of the United States Government or the District of Columbia Government you have 60 days after service of this summons to serve your Answer. A copy of the Answer must be mailed to the attorney for the party plaintiff who is suing you. The attorney's name and address appear **below.** If plaintiff has no attorney, a copy of the Answer must be mailed to the plaintiff at the address stated on this Summons.

You are also required to file the original Answer with the Court in Room JM 170 at 500 Indiana Avenue. N.W. between 9:00 am. and 4:00 pm., Mondays through Fridays or between 9:00 am. and 12:00 Noon on Saturdays. You may file the original Answer with the Court either before you serve a copy of the Answer on the plaintiff or within five (5) days after you have served the plaintiff If you fail to file an Answer, judgment by default may be entered against you for the relief demanded in the complaint.

| Aaron M. Levine | *Clerk of the Court* |
| Name of Plaintiff's Attorney | |
| 1320 19th St., NW, Suite 500 | By _____ |
| Address | Deputy Clerk |
| Washington, DC 20036 | |
| (202) 833-8040 | Date 12-21-05 |
| Telephone | |

PUEDE OBTENERSE COPIAS DE ESTE FORMULARIO EN ESPANOL EN EL TRIBUNAL SUPERIOR DEL DISTRITO DE COLUMBIA, 500 INDIANA AVENUE, N.W., SALA JM 170

YOU MAY OBTAIN A COPY OF THIS FORM IN SPANISH AT THE SUPERIOR COURT OF D.C., 500 INDIANA AVENUE, N.W., ROOM JM 170

Form CV(6)-466/Mar. 98        **NOTE:** SEE IMPORTANT INFORMATION ON BACK OF THIS FORM.

CA Form 1

## Superior Court of the District of Columbia
### CIVIL DIVISION
500 Indiana Avenue, N.W., Room JM-170
Washington, D.C. 20001 Telephone: 879-1133

| LAURA TANGREDI, et.al. |
| --- |

*Plaintiff*

**vs.**

| PREMO PHARMACEUTICAL LABS. INC. |
| --- |

*Defendant*

Civil Action No. ~~95-0009695~~

**A TRUE COPY**
TEST: Jan 25, 2006

Clerk, Superior Court of the
District of Columbia

By _____
Deputy Clerk

**SUMMONS**

To the above named Defendant:

    You are hereby summoned and required to serve an Answer to the attached Complaint, either personally or through an attorney, within twenty (20) days after service of this summons upon your exclusive of the day of service. If you are being sued as an officer or agency of the United States Government or the District of Columbia Government you have 60 days after service of this summons to serve your Answer. A copy of the Answer must be mailed to the attorney for the party plaintiff who is suing you. The attorney's name and address appear **below.** If plaintiff has no attorney, a copy of the Answer must be mailed to the plaintiff at the address stated on this Summons.

    You are also required to file the original Answer with the Court in Room JM 170 at 500 Indiana Avenue. N.W. between 9:00 am. and 4:00 pm., Mondays through Fridays or between 9:00 am. and 12:00 Noon on Saturdays. You may file the original Answer with the Court either before you serve a copy of the Answer on the plaintiff or within five (5) days after you have served the plaintiff If you fail to file an Answer, judgment by default may be entered against you for the relief demanded in the complaint.

*Clerk of the Court*

| Aaron M. Levine |
| --- |
Name of Plaintiff's Attorney

| 1320 19th St., NW, Suite 500 |
| --- |
Address

| Washington, DC 20036 |
| --- |

| (202) 833-8040 |
| --- |
Telephone

By _____
Deputy Clerk

Date ___12 - 21 - 06___

PUEDE OBTENERSE COPIAS DE ESTE FORMULARIO EN ESPANOL EN EL TRIBUNAL SUPERIOR DEL DISTRITO DE COLUMBIA, 500 INDIANA AVENUE, N.W., SALA JM 170

YOU MAY OBTAIN A COPY OF THIS FORM IN SPANISH AT THE SUPERIOR COURT OF D.C., 500 INDIANA AVENUE, N.W., ROOM JM 170

Form CV(6)-456/Mar. 91

**NOTE:** SEE IMPORTANT INFORMATION ON BACK OF THIS FORM.

CA Form 1

## Superior Court of the District of Columbia
### CIVIL DIVISION
500 Indiana Avenue, N.W., Room JM-170
Washington, D.C. 20001   Telephone: 879-1133

| LAURA TANGREDI, et.al. |
*Plaintiff*

VS.

| DART INDUSTRIES, INC |
*Defendant*

Civil Action No. 05-0009699

**A TRUE COPY**
TEST: Jan 23, 2006

Clerk, Superior Court of the
District of Columbia

By _____
Deputy Clerk

**SUMMONS**

To the above named Defendant:

    You are hereby summoned and required to serve an Answer to the attached Complaint, either personally or through an attorney, within twenty (20) days after service of this summons upon your exclusive of the day of service. If you are being sued as an officer or agency of the United States Government or the District of Columbia Government you have 60 days after service of this summons to serve your Answer. A copy of the Answer must be mailed to the attorney for the party plaintiff who is suing you. The attorney's name and address appear **below.**   If plaintiff has no attorney, a copy of the Answer must be mailed to the plaintiff at the address stated on this Summons.

    You are also required to file the original Answer with the Court in Room JM 170 at 500 Indiana Avenue. N.W. between 9:00 am. and 4:00 pm., Mondays through Fridays or between 9:00 am. and 12:00 Noon on Saturdays. You may file the original Answer with the Court either before you serve a copy of the Answer on the plaintiff or within five (5) days after you have served the plaintiff If you fail to file an Answer, judgment by default may be entered against you for the relief demanded in the complaint.

| Aaron M. Levine |
Name of Plaintiff's Attorney

| 1320 19th St., NW, Suite 500 |
Address
| Washington, DC  20036 |

| (202) 833-8040 |
Telephone

*Clerk of the Court*

By _____
Deputy Clerk

Date | 12-21-05 |

PUEDE OBTENERSE COPIAS DE ESTE FORMULARIO EN ESPANOL EN EL TRIBUNAL SUPERIOR DEL DISTRITO DE COLUMBIA, 500 INDIANA AVENUE, N.W., SALA JM 170

YOU MAY OBTAIN A COPY OF THIS FORM IN SPANISH AT THE SUPERIOR COURT OF D.C., 500 INDIANA AVENUE, N.W., ROOM JM 170

Form CV(6)-456/Mar. 92

**NOTE:** SEE IMPORTANT INFORMATION ON BACK OF THIS FORM.



CA Form 1

# Superior Court of the District of Columbia
## CIVIL DIVISION
500 Indiana Avenue, N.W., Room JM-170
Washington, D.C. 20001 Telephone: 879-1133

LAURA TANGREDI, et.al.

*Plaintiff*

VS.

PHARMACIA AND UPJOHN COMPANY

*Defendant*

Civil Action No. 05-0009593

**A TRUE COPY**
**TEST:** Jan 25, 2006

Clerk, Superior Court of the
District of Columbia

By _____
Deputy Clerk

**SUMMONS**

To the above named Defendant:

You are hereby summoned and required to serve an Answer to the attached Complaint, either personally or through an attorney, within twenty (20) days after service of this summons upon your exclusive of the day of service. If you are being sued as an officer or agency of the United States Government or the District of Columbia Government you have 60 days after service of this summons to serve your Answer. A copy of the Answer must be mailed to the attorney for the party plaintiff who is suing you. The attorney's name and address appear **below**. If plaintiff has no attorney, a copy of the Answer must be mailed to the plaintiff at the address stated on this Summons.

You are also required to file the original Answer with the Court in Room JM 170 at 500 Indiana Avenue, N.W. between 9:00 am. and 4:00 pm., Mondays through Fridays or between 9:00 am. and 12:00 Noon on Saturdays. You may file the original Answer with the Court either before you serve a copy of the Answer on the plaintiff or within five (5) days after you have served the plaintiff. If you fail to file an Answer, judgment by default may be entered against you for the relief demanded in the complaint.

Aaron M. Levine

Name of Plaintiff's Attorney

1320 19th St., NW, Suite 500

Address

Washington, DC 20036

(202) 833-8040

Telephone

*Clerk of the Court*

By _____
Deputy Clerk

Date 12-21-08

PUEDE OBTENERSE COPIAS DE ESTE FORMULARIO EN ESPANOL EN EL TRIBUNAL SUPERIOR DEL DISTRITO DE COLUMBIA, 500 INDIANA AVENUE, N.W., SALA JM 170

YOU MAY OBTAIN A COPY OF THIS FORM IN SPANISH AT THE SUPERIOR COURT OF D.C., 500 INDIANA AVENUE, N.W., ROOM JM 170

Form CV(6)-456/Mar. 98

**NOTE:** SEE IMPORTANT INFORMATION ON BACK OF THIS FORM.

CA Form 1

## Superior Court of the District of Columbia
### CIVIL DIVISION
500 Indiana Avenue, N.W., Room JM-170
Washington, D.C. 20001 Telephone: 879-1133

LAURA TANGREDI, et.al.

*Plaintiff*

vs.

BRISTOL-MYERS SQUIBB COMAPNY

*Defendant*

Civil Action No. L0009693

**A TRUE COPY**
**TEST:** Jan 23, 2006

Clerk, Superior Court of the
District of Columbia

By

Deputy Clerk

**SUMMONS**

To the above named Defendant:

　　You are hereby summoned and required to serve an Answer to the attached Complaint, either personally or through an attorney, within twenty (20) days after service of this summons upon your exclusive of the day of service. If you are being sued as an officer or agency of the United States Government or the District of Columbia Government you have 60 days after service of this summons to serve your Answer. A copy of the Answer must be mailed to the attorney for the party plaintiff who is suing you. The attorney's name and address appear **below**. If plaintiff has no attorney, a copy of the Answer must be mailed to the plaintiff at the address stated on this Summons.

　　You are also required to file the original Answer with the Court in Room JM 170 at 500 Indiana Avenue. N.W. between 9:00 am. and 4:00 pm., Mondays through Fridays or between 9:00 am. and 12:00 Noon on Saturdays. You may file the original Answer with the Court either before you serve a copy of the Answer on the plaintiff or within five (5) days after you have served the plaintiff If you fail to file an Answer, judgment by default may be entered against you for the relief demanded in the complaint.

| | |
|---|---|
| Aaron M. Levine | *Clerk of the Court* |
| Name of Plaintiff's Attorney | |
| 1320 19th St., NW, Suite 500 | By |
| Address | |
| Washington, DC 20036 | |
| (202) 833-8040 | Date 12-21-05 |
| Telephone | |

PUEDE OBTENERSE COPIAS DE ESTE FORMULARIO EN ESPANOL EN EL TRIBUNAL SUPERIOR DEL DISTRITO DE COLUMBIA, 500 INDIANA AVENUE, N.W., SALA JM 170

YOU MAY OBTAIN A COPY OF THIS FORM IN SPANISH AT THE SUPERIOR COURT OF D.C., 500 INDIANA AVENUE, N.W., ROOM JM 170

Form CV(6)-456/Mar. 96

**NOTE:** SEE IMPORTANT INFORMATION ON BACK OF THIS FORM.



CA Form 1

# Superior Court of the District of Columbia
## CIVIL DIVISION
500 Indiana Avenue, N.W., Room JM-170
Washington, D.C. 20001   Telephone: 879-1133

| | |
|---|---|
| LAURA TANGREDI, et.al. | 05-0009699 |
| *Plaintiff* | |
| VS. | Civil Action No. _____ |
| ELI LILLY AND COMPANY | **A TRUE COPY** |
| *Defendant* | TEST: Jan 23, 2006 |

Clerk, Superior Court of the
District of Columbia

By _____
**Deputy Clerk**

**SUMMONS**

To the above named Defendant:

You are hereby summoned and required to serve an Answer to the attached Complaint, either personally or through an attorney, within twenty (20) days after service of this summons upon your exclusive of the day of service. If you are being sued as an officer or agency of the United States Government or the District of Columbia Government you have 60 days after service of this summons to serve your Answer. A copy of the Answer must be mailed to the attorney for the party plaintiff who is suing you. The attorney's name and address appear **below.** If plaintiff has no attorney, a copy of the Answer must be mailed to the plaintiff at the address stated on this Summons.

You are also required to file the original Answer with the Court in Room JM 170 at 500 Indiana Avenue. N.W. between 9:00 am. and 4:00 pm., Mondays through Fridays or between 9:00 am. and 12:00 Noon on Saturdays. You may file the original Answer with the Court either before you serve a copy of the Answer on the plaintiff or within five (5) days after you have served the plaintiff If you fail to file an Answer, judgment by default may be entered against you for the relief demanded in the complaint.

*Clerk of the Court*

| | |
|---|---|
| Aaron M. Levine | |
| Name of Plaintiff's Attorney | By _____ |
| 1320 19th St., NW, Suite 500 | Deputy Clerk |
| Address | |
| Washington, DC  20036 | |
| (202) 833-8040 | Date  12-21-05 |
| Telephone | |

PUEDE OBTENERSE COPIAS DE ESTE FORMULARIO EN ESPANOL EN EL TRIBUNAL SUPERIOR DEL DISTRITO DE COLUMBIA, 500 INDIANA AVENUE, N.W., SALA JM 170

YOU MAY OBTAIN A COPY OF THIS FORM IN SPANISH AT THE SUPERIOR COURT OF D.C., 500 INDIANA AVENUE, N.W., ROOM JM 170

Form CV(6)-456/Mar. 96

**NOTE:** SEE IMPORTANT INFORMATION ON BACK OF THIS FORM.

# EXHIBIT B

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

LAURA TANGREDI, *et al.*,

          Plaintiffs,

      v.

ELI LILLY AND COMPANY, *et al.*,

          Defendants.

CIVIL ACTION No.

## <u>CONSENT TO REMOVAL</u>

Bristol-Myers Squibb Company, acting through its attorneys, Sidney G. Leech and

Goodell, DeVries, Leech and Dann, LLP, hereby consents to the removal of the above-captioned

case from the Superior Court of the District of Columbia to the United States District Court for

the District of Columbia.

Sidney G. Leech, D.C. Bar No. 359071
Goodell, DeVries, Leech & Dann, LLP
One South Street, 20th Floor
Baltimore, MD 21202

Attorneys for Defendant, Bristol-Myers
Squibb Company

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

LAURA TANGREDI, *et al.*,

        Plaintiffs,

        v.

ELI LILLY AND COMPANY, *et al.*,

        Defendants.

CIVIL ACTION No.

## **CONSENT TO REMOVAL**

Pharmacia and Upjohn LLC, acting through its attorneys, Elizabeth Ewert and Drinker

Biddle Reath, LLP, hereby consents to the removal of the above-captioned case from the

Superior Court of the District of Columbia to the United States District Court for the District of

Columbia.

Elizabeth Ewert, D.C. Bar No. 479368
Drinker Biddle Reath, LLP
1500 K Street, NW
Suite 1100
Washington DC 20005

Attorneys for Defendant, Pharmacia and
Upjohn LLC

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

LAURA TANGREDI, *et al.*,

    Plaintiffs,

   v.

ELI LILLY AND COMPANY, *et al.*,

    Defendants.

CIVIL ACTION No.

## **CONSENT TO REMOVAL**

  Dart Industries, Inc., acting through its attorneys, John Anderson and Troutman Sanders LLP, hereby consents to the removal of the above-captioned case from the Superior Court of the District of Columbia to the United States District Court for the District of Columbia.

        John Anderson, D.C. Bar No. 393764
        Troutman Sanders LLP
        1660 International Drive, Suite 600
        McLean, VA 22102

        Attorneys for Defendant, Dart Industries, Inc.

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

LAURA TANGREDI, *et al.*,

             Plaintiffs,

     v.

ELI LILLY AND COMPANY, *et al.*,

             Defendants.

CIVIL ACTION No.

## **CONSENT TO REMOVAL**

Premo Pharmaceuticals, acting through its attorneys, Aaron M. Bailey and Goodwin

Procter LLP, hereby consents to the removal of the above-captioned case from the Superior

Court of the District of Columbia to the United States District Court for the District of Columbia.

Aaron M. Bailey, D.C. Bar No. 484262
Goodwin Procter LLP
901 New York Avenue, NW
Washington, DC 20001

Attorneys for Defendant, Premo
Pharmaceuticals

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

LAURA TANGREDI, *et al.*,

                Plaintiffs,

       v.

ELI LILLY AND COMPANY, *et al.*,

                Defendants.

CIVIL ACTION No.

## **CONSENT TO REMOVAL**

Wyeth Pharmaceutical, acting through its attorneys, Ashley W. Hardin and Williams & Connolly LLP, hereby consents to the removal of the above-captioned case from the Superior Court of the District of Columbia to the United States District Court for the District of Columbia.

Ashley W. Hardin, D.C. Bar No. 482251
Williams & Connolly LLP
725 Twelfth St., N.W.
Washington, DC 20005

Attorneys for Defendant, Wyeth
Pharmaceutical